**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. **02-cv-35-JLK**-CBS (consolidated with 02-cv-46-JLK-CBS, 02-cv-64-JLK-CBS, 02-cv-78-JLK-CBS, 02-cv-137-JLK-CBS, 02-cv-145-JLK-CBS, 02-cv-146-JLK-CBS, 02-cv-152-JLK-CBS, 02-cv-161-JLK-CBS, 02-cv-168-JLK-CBS, 02-cv-304-JLK-CBS, and 02-cv-351-JLK-CBS)

**IN RE RHYTHMS SECURITIES LITIGATION**

This Document Relates to: All Actions

**ORDER APPROVING NOTICE OF PENDENCY OF CLASS ACTION,
SUMMARY NOTICE AND NOTICE DISSEMINATION PROGRAM**

**WHEREAS**, on May 2, 2005, the Court issued an Order granting Plaintiff's motion and certifying a class (the "Class") defined as follows:

> All persons who purchased the common stock of Rhythms NetConnections, Inc. ("Rhythms" or the "Company") between January 6, 2000 and April 2, 2001, inclusive. Excluded from the Class are defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any excluded person has or had a controlling interest; and

**WHEREAS**, Lead Plaintiff has moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order approving the proposed (i) Notice of Pendency of Class Action; (ii) Summary Notice; and (iii) Notice Dissemination Program; and

**WHEREAS**, the Court having considered the papers filed in support of the Unopposed Motion For Approval Of Notice Of Pendency Of Class Action, Summary Notice And Notice Dissemination Program, including the proposed (i) Notice of Pendency of Class Action, and (ii) Summary Notice, and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED:**

1. The Unopposed Motion For Approval Of Notice Of Pendency Of Class Action, Summary Notice And Notice Dissemination Program is GRANTED.

2. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action (the "Notice") and Summary Notice of Pendency of Class Action (the "Summary Notice") (together, the "Notices"), and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in ¶¶ 3, 4 and 5 of this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process and Fed. R. Civ. P. 23.

3. Plaintiff's Co-Lead Counsel shall cause the Notice, substantially in the form annexed hereto as Exhibit 1, to be mailed, by first class mail, postage prepaid, on or before February 16, 2006, to all Class members at the address of each such person as set forth in the records of Rhythms or its transfer agent, or who otherwise can be identified by reasonable effort. Plaintiff's Co-Lead Counsel shall, no later than thirty (30) days after the mailing, file with the Court proof of mailing of the Notice.

4. Plaintiff's Co-Lead Counsel shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit 2, to be published once in the national edition of <u>The Wall Street Journal</u> and over <u>Business Wire</u> within ten (10) days of the mailing of the Notice. Plaintiff's Co-Lead Counsel shall, no later than thirty (30) days after publication, file with the Court proof of publication of the Summary Notice.

5. Plaintiff's Co-Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased

Rhythms common stock during the Class Period as record owners but not as beneficial owners. Such nominees who hold or held Rhythms common stock for beneficial owners who are members of the Class are directed (a) to provide the Notice Administrator with lists of the names and last known addresses of the beneficial owners for whom they purchased Rhythms common stock during the Class Period within seven (7) days of receipt of the Notice, or (b) to request additional copies of the Notice within seven (7) days of receipt of the Notice. If the nominee elects to send the Notice to beneficial owners, the nominee is directed to mail the Notice within seven (7) days of receipt of the copies of the Notice from the Notice Administrator and upon such mailing the nominee shall send a statement to the Notice Administrator confirming that the mailing was made as directed. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented reasonable expenses incurred by nominees in compliance with the terms of this Order shall be paid within a reasonable time after receipt of the documentation.

6. All members of the Class who do not timely request exclusion from the Class by May 2, 2006, in the form and manner set forth in the Notice, will be bound by any judgment or determination of the Court affecting the Class.

**IT IS SO ORDERED.**

DATED: January 26, 2006

   s/John L. Kane_____
THE HONORABLE JOHN L. KANE
U.S. SENIOR DISTRICT COURT JUDGE